

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 02 2019

JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 77 |
| v. | |
| MICHAEL LIEDTKE | Judge Elaine E. Bucklo |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant MICHAEL LIEDTKE, and his attorney, KENDALL HARTSFIELD, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The information in this case charges defendant with receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

3. Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information, which charges defendant with receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about December 16, 2018, at Streamwood, in the Northern District of Illinois Eastern Division, and elsewhere, defendant MICHAEL LIEDTKE did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8)(B), including an image containing the lascivious exhibition of the genitalia of Victim A, a minor-aged boy, using a means and facility of interstate commerce and in and affecting interstate commerce, in violation of Title 18, United States Code, Section 2252A(a)(2).

Specifically, between on or about December 15, 2018, and December 16, 2018, at his home in Streamwood, Illinois, LIEDTKE engaged in a text message conversation with Victim A, who was 16-years old at the time of the text message exchange.  During that text message conversation, LIEDTKE knowingly enticed 16-year-old Victim A to create and send pornographic content to LIEDTKE.  Pursuant to LIEDTKE's request, Victim A created a pornographic video that depicted Victim A masturbating.  LIEDTKE then knowingly received child pornography, when Victim A sent LIEDTKE two videos that depicted Victim A masturbating and ejaculating.

More specifically, between approximately 11:41 p.m. and 12:21 a.m., from between approximately December 15, 2018, and December 16, 2018, LIEDTKE, using a cellular telephone, and Victim A, using a cellular telephone, engaged in the following text message conversation:

VICTIM A:   Hey it's me

LIEDKTE:   How about that video haha

VICTIM A:   I will as long as you do the same

LIEDKTE:   Sure I'll send back whatever you send

VICTIM A:   [Sent Video 1 – a video approximately 7 seconds in length that shows a close-up video of masturbation.]

LIEDKTE:   Wish my mouth was around that

VICTIM A:   Me too so bad

LIEDKTE:   [Sent Video 2 - a video approximately 13 seconds in length that shows a close-up video of masturbation.]

VICTIM A:   So hot I want to be on top of it now send me a video of you rubbing your chest

LIEDTKE:   It's your turn for a video

VICTIM A:   Ok what do u want now sweetie

LIEDTKE:   Your whole body, eventually i want to see a video of you shooting your load so record that! [LIEDTKE asked Victim A to send a video in which Victim A masturbates and ejaculates.]

VICTIM A:   Will do

VICTIM A:   [Sent Video 3 - a video approximately 10 seconds in length that shows a close-up video of masturbation]

3

LIEDTKE: Where's the cumshot? [LIEDTKE wanted Victim A to send a video in which Victim A ejaculated.]

VICTIM A: I'm not there yet you said eventually I have to jerk it more

LIEDTKE: [Sent Video 4 - a video approximately 17 seconds in length that shows LIEDTKE rubbing his bare chest and face]

LIEDTKE: Hope you like the full beard

VICTIM A: You are so sexy I want to makeout rn [right now] beards are so hot

LIEDTKE: Show me a video of you like I sent... I know you don't want face in nudes [LIEDTKE acknowledged that Victim A did not want to create a nude video with his face visible in the video] but just the top half with you rubbing your chest like I did

VICTIM A: [Sent Video 5 - a video approximately 15 seconds in length that shows a small portion of Victim A's face and depicts Victim A rubbing his bare chest]

VICTIM A: I look fat sorry

LIEDTKE: Omg you are far from fat.... I couldnt see your face though

VICTIM A: U said I didn't have to put my face in it!

LIEDTKE: But I want to lick those nipples

LIEDTKE: You don't have to put your face in it while showing you nude haha

LIEDTKE: If you don't want to, you don't have to, but I'd like to see it

VICTIM A: I want to bury my face in your chest

4

LIEDTKE: [Sent Video 6 - a video approximately 5 seconds in length showing a penis underneath a wash cloth that appears to be "waving."]

LIEDTKE: It's waving hi to you

VICTIM A: [Victim A sent a picture of his face smiling]

VICTIM A: Laughed at a movie [Victim A sent an emoji regarding Video 6]

LIEDTKE: You are too cute! Video would be nicer though so I can see you smiling and rubbing your chest

VICTIM A: I'm gonna need to see some full body video with talking then

LIEDTKE: If you send the same

VICTIM A: If you send that u get to see a video with my face

LIEDTKE: But I already one upped you and sent one with my face . . . I'm getting the short end of the deal lol

VICTIM A: Ok fine daddy you win

VICTIM A: [Sent Video 8 – a video approximately 9 seconds in length depicting Victim A's full face and Victim A rubbing his bare chest]

VICTIM A: I'm so gross

LIEDTKE: [Sent Video 9 – a video approximately 17 seconds in length of LIEDTKE rubbing his chest and face. During this video, LIEDTKE says, "[Victim A's first name], you're so hot. You're far from gross. Do you like this body? What would you do with this?]

VICTIM A: I would lick you all over and hold you so tight to feel that skin on skin contact

5

LIEDTKE:    Show me that cumshot stud . . .I need to go to sleep
            haha

LIEDTKE:    I want to hear you moan when you shoot on video

VICTIM A:   Ok gimme a sex and u have to send yours too with
            talking

LIEDTKE:    You want to FaceTime?

VICTIM A:   Some other time

VICTIM A:   [Sent Video 10 – a video approximately 24 seconds in
            length showing close up masturbation with ejaculation]

VICTIM A:   Where's mine

LIEDTKE:    [Sent Video 11 – a video approximately 45 seconds in
            length showing close-up masturbation with ejaculation]

LIEDTKE:    That was hot

VICTIM A:   Wow that was intense

VICTIM A:   Ttyl [talk to you later] daddy :)

LIEDKTE acknowledges that he received the pornographic material from

Victim A using a cellular telephone and a means and facility of interstate commerce.

Additionally, from on or about January 8, 2019, through on or about January

20, 2019, LIEDKTE, without authorization, knowingly possessed and operated a

video camera that he intentionally hid in the ceiling of a public restroom at the

DuPage County Training Academy in Carol Stream, DuPage County, Illinois. The

video camera surreptitiously recorded persons using the restroom at the facility, and

LIEDTKE stored the recordings on a digital memory card and on an external hard

drive. LIEDTKE possessed recordings that depicted the lewd exhibition of the unclothed genitalia and buttocks of approximately 400 people using the restroom. Of those recordings, approximately 300 depicted children who were under the age of 18. LIEDTKE intended to place the video camera in the public restroom of the DuPage County Training Academy in order to obtain lewd images of persons, including children under the age of 18, with their genitals or buttocks exposed.

7. Defendant, for purposes of computing his sentence under Guideline § 1B1.2, stipulates to having committed the following additional offenses under Title 18, United States Code, Sections 2251(a) and 2252A(a)(5)(B):

**Stipulated Offense One**

On or about December 16, 2018, at Streamwood, in the Northern District of Illinois, Eastern Division, and elsewhere, MICHAEL LIEDTKE did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Victim A, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction defendant knew and had reason to know would be transported and transmitted using a means and facility of interstate commerce in and affecting interstate commerce, and which visual depiction was actually transported and transmitted using a means and facility of interstate commerce and in and affecting interstate commerce, in violation of Title 18, United States Code, Section 2251(a).

Specifically, as described in Paragraph 6 above, on or about December 16, 2018, at his home in Streamwood, LIEDKTE communicated on a cellular telephone with Victim A, a 16-year-old boy. During that conversation, LIEDKTE asked Victim A to send him a video that depicted Victim A masturbating. Victim A did what LIEDKTE requested, and he created and sent two videos (referred to in Paragraph 6 as Video 1 and Video 3). Neither of those two videos existed prior to LIEDTKE's request for the videos. LIEDKTE, however, was not satisfied with the two videos that Victim A sent. LIEDTKE requested that Victim A create and send another video that depicted Victim A masturbating and ejaculating. Again, Victim A did as LIEDKTE requested and he sent a video that showed Victim A masturbating and ejaculating (referred to in Paragraph 6 as Video 10). That video did not exist prior to LIEDTKE's request for the video, and LIEDTKE knew or had reason to know that Victim A would send him the video using a means and facility of interstate commerce, namely Victim A's cellular telephone.

### Stipulated Offense Two

On or about January 22, 2019, at Streamwood, in the Northern District of Illinois, Eastern Division, and elsewhere, MICHAEL LIEDTKE, knowingly possessed material, namely: (1) a Seagate external disk drive, model 9ZQ2P4-500, bearing serial number NA0lWZGL; and (2) an iPhone X, model A1901, with IMSI 310410157585926, which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and

8

a minor who had not yet obtained 12 years of age, such image having been shipped or transported using any means and facility of interstate and foreign commerce, and such image having been produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Specifically, on or about January 22, 2019, at his home in Streamwood, Illinois, LIEDTKE possessed a Seagate external disk drive, model 9ZQ2P4-500, bearing serial number NA0lWZGL. On that device, LIEDTKE knowingly possessed at least 29 images and 6 videos that depicted child pornography, each of which were identified as known child victims by the National Center for Missing and Exploited Children.

For example, the Seagate external disk drive contained an image of two boys, one boy aged between 10-years old and 11-years old and a second boy aged between 11-years old and 12-years old. In the image, both boys are naked, and one boy is sitting on top of the other boy. Additionally, a third boy, aged between nine and 10-years old, sits naked on the bed with the other two boys.

The Seagate external disk drive also contained a video that depicts a boy, aged between 12 and 13-years old, performing oral sex on a man.

Additionally, the iPhone X, model A1901, with IMSI 310410157585926, contained the communications and videos described above at Paragraph 6.

## Maximum Statutory Penalties

8.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 20 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court. The Court also may order restitution to any persons as agreed by the parties.

c.     Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed. Additionally, pursuant to Title 18, United States Code, Section 3014, if the Court finds that the defendant is a non-indigent person, defendant will be assessed $5,000 special assessment, to be paid after he has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation ordered by the Court and arising from the conviction.

## Sentencing Guidelines Calculations

9.      Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of the offense. The following statements regarding the calculation of the Sentencing Guidelines are based on the November 2018 Guidelines Manual.

11

b. **Offense Level Calculations**.

**Offense of Conviction + Stipulated Offense Two**

i. The Offense of Conviction and Stipulated Offense Two are grouped, pursuant to Guideline §§ 3D1.2(d) and 3D1.3(b).

ii. The base offense level for this group is 22, pursuant to Guideline § 2G2.2(a)(2).

iii. The base offense level is decreased by 2 levels, pursuant to Guideline § 2G2.2(b)(1), because the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in, or distribute, such material.

iv. The base offense level is increased by 2 levels, pursuant to Guideline § 2G2.2(b)(2), because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

v. The base offense level is increased by 2 levels, pursuant to Guideline § 2G2.2(b)(6), because defendant used a computer or interactive computer serve for the receipt of the material.

vi. The base offense level is increased by 5 levels, pursuant to Guideline § 2G2.2(b)(7)(D), as the offense involved 600 or more images.

vii. Therefore, the total offense level for the Offense of Conviction and Stipulated Offense Two is 29.

**Stipulated Offense One –
Manufacturing Child Pornography**

viii. The base offense level is 32, pursuant to Guideline §
2G2.1(a).

ix. The base offense level is increased by 2 levels, pursuant to
Guideline § 2G2.1(b)(2)(A), because the offense involved the commission of a sexual
act.

x. The base offense level is increased by 2 levels, pursuant to
Guideline § 2G2.1(b)(6)(B)(ii), because the offense involved the use of a computer or
an interactive computer service to solicit participation with a minor in sexually
explicit conduct.

xi. Therefore, the total offense level for Stipulated Offense
One is 36.

## Grouping

xii. Pursuant to Guideline § 3D1.2(d), the Offense of Conviction
and Stipulated Offense Two group. Pursuant to Guideline § 3D1.3(b), the offense
level applicable to this group is 29.

xiii. Pursuant to Guideline § 3D1.2(d), Stipulated Offense One
does not group. The offense level applicable to this group is 36.

xiv. Because the first group is 5 to 8 levels less serious than the
second group, the first group is counted as one-half of a unit pursuant Guideline §
3D1.4(c).

13

xv.     Accordingly, there are 1 1/2 units, and one level is added pursuant to Guideline § 3D1.4.

xvi.     This results in a combined offense level of 37.

**Acceptance of Responsibility**

xvii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xviii.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.     **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts

now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

        d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 34 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 151 to 188 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

        e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

11.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

12.    Each party is free to recommend whatever sentence it deems appropriate.

13.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14.    Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by

the Court at sentencing, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

15.     Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A, and that defendant also agrees to pay additional restitution, arising from the relevant conduct and stipulated offense conduct set forth above, in an amount to be determined by the Court at sentencing.

16.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

17.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court. Defendant further agrees that if the Court determines that he is a non-indigent person, he will pay the special assessment of $5,000, after he has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation ordered by the Court and arising from the conviction and stipulated offenses.

17

18.     Defendant agrees to waive and abandon any right, title, or interest he has in the following property: (1) a Seagate external disk drive, model 9ZQ2P4-500, bearing serial number NA0lWZGL; (2) an iPhone X, model A1901, with IMSI 310410157585926; (3) a Western Digital external disk drive, model WDBAAU0020HBK-01, bearing serial number WCAZA0203545; (4) a Asus laptop computer, model K53E, bearing serial number BCN0AS379047500; (5) a 32 GB Sandisk MicroSD card; (6) an LG cellular phone, bearing serial number 353262080224016; (7) an iPhone S model A1634; (8) an iPhone bearing serial number 013988003510261; (9) all SD cards seized by the Carol Stream Police; (10) three Akaso Action Cameras and associated chargers; (11) a pin hole camera with a camera stand; (12) a Linksys Ethernet switch, bearing serial number 13P11C89708154; (13) a camera mount; (14) one compact disc containing installation software for camera; (15) two micro USB 2.0 adapters; (16) five covert recording devices, namely a AHD Camera Model X0001RKJW7F, a AHD Camera LPN# RR 36391 5315, a AHD Camera Model B07FCPVCRH, a SOOSPY Camera U88 Model X001L0XZ0W, and a SILLEYE Camera Model X001UPSHIB.; (17) one network camera adapter Model NC 128SPW; (18) one ASUS computer with power cord, bearing serial number H6PTCJ004212; and (19) one Seagate External Hard Drive. Defendant understands that the government, after publication of notice to any others who may have an interest in the property, will seek an order of abandonment from the Court, thereby authorizing the United States to destroy or otherwise dispose of such property

according to law. Defendant understands that abandonment of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose.

19.    After sentence has been imposed on the count charged in the information to which defendant pleads guilty as agreed herein, the government will move to dismiss the Complaint as to the defendant.

20.    Further, after the court accepts the defendant's plea of guilty in this case, the parties understand that the DuPage County State's Attorney's Office will move to dismiss the state charges pending against the defendant in *People of the State of Illinois v. Michael A. Liedtke*, 19 CF 211 (Circuit Court of the Eighteenth Judicial Circuit, County of Dupage, State of Illinois).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 19 CR 77.

22.    This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States

Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Right to be charged by indictment**. Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and specific property alleged to be subject to forfeiture.

c.     **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which

the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

24.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

25.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

26.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's

Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

27.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

28.     Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the

24

requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

29.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

### Other Terms

30.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

31.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

32.    Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

33.    Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

34.    Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

35.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

36.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: August 2, 2019


JOHN R. LAUSCH, JR.
United States Attorney

MICHAEL LIEDTKE
Defendant

ABIGAIL PELUSO
Assistant U.S. Attorney

KENDALL HARTSFIELD
Attorney for Defendant

27